UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DANIELLE LYNETTE WRIGHT,** #579080, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 3:24-cv-00199 |
| **STATE OF TENNESSEE, et al.,** | ) ) ) |
| Defendants. | ) ) |

# ORDER

Danielle Wright brought this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). The Court dismissed Wright's second amended complaint and entered final judgment. (Doc. Nos. 25, 26). Wright then filed a Motion for Relief from Judgment, which is now before the Court. (Doc. No. 27) (citing Fed. R. Civ. P. 60).

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

1

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004) (quotation marks and citation omitted).

Here, Wright requests "relief via express ground on the actual neglect, fraud, misconduct, and the Racketeering Influence Corrupt Organization activities of embezzlement and extortion performed by each defendant respectively as documented in the previous court record."[1] (Doc. No. 27). This argument does not place Wright's case within any of the enumerated provisions of Rule 60(b). Nor has Wright demonstrated any "extraordinary circumstances" that would justify relief under the catch-all provision of Rule 60(b)(6). BLOM Bank SAL v. Honickman, 605 U.S. 204, 213 (2025).

Accordingly, Wright's Motion for Relief from Judgment (Doc. No. 27) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The second amended complaint did not raise any claims under the Racketeer Influenced and Corrupt Organizations Act. (See generally Doc. No. 19).